## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALAN NOLTENSMEYER (01),

        Defendant.

Case No. 19-20065-01-DDC

## MEMORANDUM AND ORDER

Defendant Alan Noltensmeyer was convicted of possessing child pornography in September of 2020. Now, nearing the end of his custodial sentence, he has moved to modify two conditions that will apply during his term of supervised release. Doc. 54. This Memorandum and Order decides both of his requests.

### 1. Defendant's Objection to the Special Condition Forbidding Contact with Minors, Including His Son

First, defendant objects to Special Condition 1. It forbids defendant from having any contact with minors, except when "in the presence of an adult who is aware of the nature of [defendant's] background and offense(s), and who has been approved by the court; (2) in the course of legitimate commercial business; or (3) in other cases of unintentional and incidental contact." Doc. 48 at 5 (Judgment in a Criminal Case). Defendant objects to this condition because his 12-year-old son lives in the family home with defendant's wife. Defendant aspires to live in that home with his wife and son once he begins his term of supervised release. That's projected to occur in September 2024.

The Circuit's decision in *United States v. Bear* reveals the problem with this condition, as applied here. 769 F.3d 1221 (10th Cir. 2014). In that case, the Circuit reviewed a similar

condition applied to a defendant who had committed—nine years earlier—two serious sex abuse offenses. *Id.* at 1225. Both involved illegal contact with a minor. *Id.* Specifically, a state court had convicted the defendant of committing two charges of lascivious acts with a child. *Id.* When the defendant later failed to register as a sex offender, he was convicted of a Sex Offender Registration and Notification Act failure to register charge. *Id.* And as a condition of his supervised release, the federal court forbade his presence at any residence where children younger than 18 resided, unless the Probation Office approved in advance. *Id.* The condition also proscribed defendant from associating—on an unsupervised basis—with anyone younger than 18. *Id.* *Bear*'s defendant appealed, claiming the condition unconstitutionally prevented "him from being alone with his own children." *Id.* at 1229.

The Circuit agreed, so it vacated the portion of the "no contact with any juveniles" as applied to defendant's "ability to be at his children's residence and his ability to be alone with his children without supervision." *Id.* The Tenth Circuit reasoned that the "relationship between parent and child is constitutionally protected" because "a father has a fundamental liberty interest in maintaining his familial relationship with his" own child. *Id.* (quoting *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996)). So, in the parent/child setting, special conditions that interfere with a right of familial association "are subject to stricter scrutiny." *Id.* This stricter standard means courts can impose such conditions "only in compelling circumstances," making it imperative that any such restriction "be especially fine tuned" to achieve the "statutory purposes of sentencing." *Id.* (first quoting *United States v. Smith*, 606 F.3d 1270, 1284 (10th Cir. 2010; then quoting *Edgin*, 92 F.3d at 1049).

There's nothing "fine tuned" about the condition at issue here. It lumps defendant's child in with every other juvenile in the world. And it identifies no "compelling circumstances" that

might justify the condition's intrusion on defendant's right to associate with his family. Nor is the court aware of any such circumstances. Defendant's crime of conviction stemmed from possessing child pornography. The government hasn't suggested that any of this contraband featured defendant's child or any other family member or relative. This condition, on these facts, hardly heeds the requirement limiting such conditions to fact-based or reason-based concerns about the safety of defendant's own child.

At the hearing on defendant's motion, the government made two responses to this challenge. The court addresses both objections in the next two paragraphs.

*One*, the government asserted that it might not oppose a change in the condition if defendant participated in a polygraph assessment and underwent an assessment with an appropriate professional. But this proposition places the burden on the wrong party. The government bears the burden of proof to adduce circumstances meeting the statutory standard for imposing a special condition. *See, e.g.*, *United States v. Napulou*, 593 F.3d 1041, 1044–45 (9th Cir. 2010). It's not defendant's burden to disprove the need for conditions.

*Two*, the government suggested that defendant should live with his son only if the child's mother was notified about the particulars of his conviction so she could monitor the situation. While the court doubts that the mother of the minor child—defendant's wife—lacks knowledge about defendant's conviction, it nonetheless grants the government's request. Standard Condition No. 12 permits the Probation Officer, when she determines whether defendant poses a risk to another person, may require the defendant to notify the person about the risk. Doc. 48 at 4 (Judgment in a Criminal Case). But first, the Officer must secure court approval to invoke this

requirement.  The court grants the Probation Officer's request to apply Standard Condition No.

12's obligation to defendant.[1]

In sum, the court grants defendant's Motion to Modify Special Condition No. 1.  The

court modifies Special Condition No. 1 by adding the words "except Mr. Noltensmeyer's minor

son" to this condition's restrictions.  The court directs the Probation Officer to memorialize this

modified condition in the case's CM/ECF record.  Naturally, if the government concludes that

future circumstances warrant modification anew of this now modified condition, they may

initiate appropriate procedures.

## 2. Defendant's Objection to Electronic Monitoring and Searches of His Employer's Computers Functions as an Occupational Restriction

Defendant's second objection challenges his Special Conditions No. 2 and 8.  *See* Doc.

54 at 5 n.9 (citing "Special Condition[s] 2 & 8" as the conditions challenged by his second

objection).  There, he contends that these two conditions "will require any potential employer to

permit searches [of] and [install] monitoring software on" the employer's "business (and

customer's) computers and devices."  *Id.* at 5.

The two Special Conditions at issue provide as follows:

2. You may access on-line, computer, or Internet services, except that you will not access any on-line, computer, or Internet services, sites, or media that include or feature material that depicts sexually explicit conduct involving adults or minor[s], child pornography, or visual depictions of minor[s] engaged in sexually explicit conduct, all as defined in 18 U.S.C. § 2256.

. . . .

8. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search

---

[1]    The 12-year old's mother—defendant's wife—was present when agents executed a search warrant focused on electronic devices in the family home.  The fruits of this search led to defendant's Indictment.  *See* Doc. 44 at 7 (Amended Presentence Investigation Report ¶ 24).

conducted by a United States Probation Officer.  Failure to submit to a search
may be grounds for revocation of release.  You must warn any other occupants
that the premises may be subject to searches pursuant to this condition.  An
officer may conduct a search pursuant to this condition only when reasonable
suspicion exists that you have violated a condition of supervision and that the
areas to be searched contain evidence of this violation.  Any search must be
conducted at a reasonable time and in a reasonable manner.

Doc. 48 at 5 (Judgment in a Criminal Case).  The court addresses each Special Condition,
in turn, below.

The court denies defendant's request to modify Special Condition No. 2 because it
doesn't have anything to do with computers owned by defendant's employers.  Special Condition
No. 2 does two things.  *One*, it authorizes defendant to use the internet.  In this dimension it
doesn't affect computers owned or used by his employer.  *Two*, Special Condition No. 2 forbids
defendant from accessing any websites or media that "depict sexually explicit conduct involving
adults or minors," including "child pornography."  *Id.* (quotation cleaned up).  Once again, this
aspect of Special Condition No. 2 doesn't impose any restrictions or obligations on computers
owned by defendant's employer.  In sum, defendant has failed to show anything objectionable
about Special Condition No. 2.  The court thus denies his request to modify that condition.

Defendant's challenge to Special Condition No. 8 fails for the same reason.  It's a
condition that permits searches—under some circumstances—of "your person, property, house,
residence, vehicles, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic
communications or data storage devices or media, or office."  Doc. 48 at 5 (Judgment in a
Criminal Case).  The key word in this provision is "your."  In context, it plainly means
defendant's person and property.  This condition doesn't even purport to apply to computers or
other devices owned by defendant's employer or anything else.  There's no reason to modify it to

ameliorate the concerns expressed by defendants' motion.  So, the court denies the Motion to Modify Special Condition No. 8.

### 3.   Other Circumstances

Finally, defendant argues that the conditions requiring his employer to submit their computers to search will "impinge on defendant's ability to seek, obtain, and maintain employment are subject to 'special scrutiny.'"  Doc. 54 at 5 (citing, among others, *United States v. Dunn*, 777 F.3d 1171, 1177 (10th Cir. 2015)).  Defendant also cites U.S.S.G. § 5F1.5, a provision that applies when one of a defendant's conditions "prohibit[s] the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so" only after the court makes certain findings.  *Id.* at 6 (quoting U.S. Sent'g Guidelines Manual § 5F1.5(a) (U.S. Sent'g Comm'n 1987)).  So it seems, defendant contends that the requirement that the Probation Office monitor his employer's computers is (or is tantamount to) an occupational restriction—and does so without making the requisite finding.

Here's the problem with this argument—and by now it's a familiar refrain:  None of defendant's conditions purport to monitor his employer's computers or other devices.  In sum, the predicate of defendant's argument is an unfounded one.  Defendant has failed to demonstrate that any of his conditions will function as an occupational restraint.[2]

---

[2]    At the hearing on his motion, defendant introduced Defendant's Exhibit 1.  It's called "Offender Employment Computer & Internet Use Questionnaire & Agreement," a form used by the Probation Office.  Defendant seems to object in some abstract fashion to use of this Questionnaire & Agreement. But why he objects is something his motion never specifies.  And his motion never musters any arguments specific to this Questionnaire & Agreement.

The court declines to speculate why defendant objects to use of this Questionnaire & Agreement. If defendant wishes to renew his objection and specify what he finds objectionable about it, he may do so. For now, however, he's failed to specify any reason justifying any relief or protection from it.

**Conclusion**

The court grants in part and denies in part defendant Alan Noltensmeyer's Motion to Modify Conditions of Supervised Release.  Doc. 54.  It grants the motion as it applies to Special Condition No. 1 (contact with minors).  The court directs the Probation Office to prepare documents memorializing the modification to this condition adopted by this Order.  In contrast, the court denies defendant's Motion to Modify Special Conditions No. 2 and No. 8.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Alan Noltensmeyer's Motion to Modify Conditions of Supervised Release (Doc. 54) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 12th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**